**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

HERIBERTO BANUELOS-BARRON                                              PETITIONER
*Reg. #26580-179*

v.                                    2:25-cv-00088-JJV

C. HUMPHREY,
*Warden, Forrest City Correctional Institution*                       RESPONDENT

<u>**MEMORANDUM AND ORDER**</u>

**I.      INTRODUCTION**

Petitioner Heriberto Banuelos-Barron, an inmate at the Federal Correctional Institution –
Forrest City Low, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §
2241. (Doc. No. 1).  He alleges the Bureau of Prisons ("BOP") is improperly refusing to apply
time credits he has earned under the First Step Act of 2018 and the Second Chance Act of 2007,
toward his release to pre-release custody or supervised release. (*Id*. at 3). Specifically, he seeks
pre-release custody, to be released from prison to home detention and supervised release, and to
receive an individual assessment for time credits toward his sentence. (*Id.* at 3-10).  The United
States has responded, (Doc. No. 10), and the matter is ready for a decision.  After careful
consideration of as the Petition and Response, for the following reasons, the Petition is denied.

**II.     ANALYSIS**

**A.      Exhaustion of Administrative Remedies**

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of
his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d
943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000)
(per curiam)).  A copy of the Administrative Remedy Program has been provided by Respondent,

(Doc. 10-3 at 18-25), and a summary of how to exhaust a grievance is included in the Response. (*Id.* at 2-3).

Petitioner filed two separate administrative remedies regarding the application of First Step Act credits he claims to have earned and will earn in the future. These remedies have been numbered by the BOP as Administrative Remedy No. 1218416 and Administrative Remedy No. 1221760. Administrative Remedy No. 1218416 has been exhausted. (Doc. 10, *Ex. 3* at 4). However, Administrative Remedy No. 1221760 has not been exhausted as Petitioner failed to follow the requisite appellate procedures as set forth by 28 C.F.R. § 542.10 *et seq.* Therefore, Petitioner's claim, as it relates to Administrative Remedy No. 1221760, is denied for failure to exhaust administrative remedies.

### B.    Merits

Mr. Banuelos-Barron contends he is entitled to serve a portion of his sentence in a prerelease custody program under 18 U.S.C. § 3624(c). (Doc. No. 1 at 3). Section 3632(d)(4)(D) addresses a prisoner's eligibility to receive time credits and enumerates those who are ineligible to earn time credits. Specifically, section 3632(d)(4)(E)(i) states:

> "A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)."

And Respondent has provided the Declaration of Chris Jefferson, Complex Case Management Coordinator at the Federal Correctional Complex at Forrest City. (Doc. No. 10-4.) Mr. Jefferson says:

> As part of my duties as Complex Case Management Coordinator, I am responsible for Correctional Programs and ensure compliance with national and local policy. This responsibility includes maintaining and ensuring the accuracy of inmate central files.

. . .

> I have reviewed Banuelos-Barron's most recent FSA Time Credit Assessment which was generated on July 24, 2025. *Attachment 3, FSA Time Credit Assessment*. From March 12, 2019, until July 24, 2025, Banuelos-Barron earned 885 Time Credits. *See id*. However, Banuelos-Barron is not eligible to apply those credits, because he is the subject of a final order of removal. *See id; Attachment 4, Department of Homeland Security, Immigration Detainer-Notice of Action*.

(*Id.* at 1, 4).

The record clearly demonstrates that Mr. Banuelos-Barron is subject to a final order of removal.  (Doc. No. 10-4, at 23). Therefore, in accordance with section 3632(d)(4), he is not eligible to receive time credits toward pre-release custody or supervised release under the First Step Act.

For the same reasons, Petitioner's Second Chance Act claim must be denied.  As an initial matter, Respondent argues that Mr. Banuelos-Barron relies on authority that has been rescinded. (Doc. No. 10 at 9).  Mr. Jefferson confirms this fact.  (Doc. 10-4 at 5).

But more significantly, as Mr. Jefferson reports, Petitioner's final order of removal makes it impractical to receive the relief Mr. Banuelos-Barron seeks.  As Mr. Jefferson concludes:

> The BOP has determined that not all eligible inmates are suitable for placement in prerelease custody. These unsuitable inmates include those that have unresolved pending charges, proceedings, or detainers, which will likely lead to arrest, conviction, or confinement. Under this guidance, non-citizen inmates with detainers or requests for advance notification of release are not referred for placement in prerelease custody.

(*Id.*  at 5.)

For these reasons, I find the Respondent has provided persuasive authority that Mr. Banuelos-Barron is not entitled to relief under either the First Step Act or Second Chance Act.  I have also fully considered Petitioner's argument as it relates to the *Chevron* Doctrine and find it to be without merit.  His Petition for Writ of Habeas Corpus is, therefore, denied.

### III.    CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Banuelos-Barron's § 2241 Petition for Writ of

Habeas Corpus (Doc. No. 1) is DENIED.

DATED this 30th day of September 2025.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE